Welcome back. Thank you. Fun trip over the past, trying to stay to the right the whole time. May it please the court, Rebecca Pennell appearing on behalf of Mr. Martinez. This is a single issue appeal regarding whether or not third degree sexual molestation of a child is sexual abuse of a minor and therefore an aggravated felony. There's much that the parties agree on. I ask you to clarify, I'm having trouble figuring out whether we're only to decide this as a categorical matter or whether we can also look at this as a modified categorical matter. Your statement of issue doesn't specify. Your Honor, I looked, I did a word search even through the government's brief. The government only mentions modified in its factual statement. Well, the government's statement of issue says is this categorically. Yours does not. So I'm trying to figure out what's the issue in front of us. I don't think that the modified approach helps in this case, Your Honor. It doesn't help you. Well, because the elements of the crime make the more aggravating circumstances irrelevant and would be a more serious crime. And if you look at the government's brief, when the government says what was established by the guilty plea, the government says on page 15 of the brief, the defendant was found to have touched a 14-year-old victim's breast and vaginal area for the purpose of gratifying his sexual desires. That is all the government is saying was established by his guilty plea. That was all that was necessary for this particular charge, which he took a plea agreement specifically to get. There may have been other potential charges, but as is the nature with plea negotiations, there probably was some problems with proof as to the other allegations. The most minimal charge was simply that his intent was sexual. Quite frankly, under the statute, she did not even need to be aware that he had sexual gratification. There were a lot of things that happened. The offense could have been satisfied if, in pushing her on the swing, he felt sexual, he touched her breasts through clothing and was sexually gratified by that. She need not even be aware. I'm still confused. I'm supposed to decide that this is or is not a crime of sexual child abuse based upon what assumed set of facts. Anything possible under the statute that she is 14-and-a-half, that he did. I mean, what am I? The focus, even under a guillemante stauca, is always the crime of conviction and the necessary facts. Whether anything more. I know. I got that. But that sounds like you're talking about if I categorical rather than categorical. Well, a guillemante stauca suggests to me that you always look somewhat at modified categorical. But the problem with this statute really is it's never necessary. The defendant never has the motivation to challenge anything but his own sexual intent. There is no as. . . I'm not sure we're still on the same page. I'm trying to figure out whether this is a modified categorical challenge or whether this is a categorical challenge. I still don't have what I view as an answer that I understand. I think that the challenge is primarily categorical. Does that also mean a modified categorical? Because the way that I read the modified categorical approach, it does not mean that every fact mentioned on the record comes in. If the facts are extraneous or not necessary to the conviction, they don't affect the analysis. Now, to be clear then, are you telling us that we can affirm if we look at the facts in the record of conviction and decide that that was a crime of sexual assault or child abuse? I think you can affirm if you look at what facts were necessary for the conviction. I think if you look at the police report and decide everything in the police report is true, then the judges would be finding the defendant guilty of a more serious crime. Is the judge entitled to look to what's in the police report? Only to figure out what elements were necessarily proven. But is the judge entitled to assume that the facts stated in the police report are true? Not if they're extraneous. Same with a charging document. That's different. That's not true. Being true and being extraneous are two different things. That doesn't make them less true because they're extraneous. They're not part of the conviction. They may or may not be true, but they're not part of the conviction. For instance, you could have a plea down to simple theft. The facts in the case could be that there was an allegation that it was a robbery, that it was from the person of another. But you get your guilty plea to theft and you say, I just want to take this deal, and you can look at the police reports for the factual basis of the plea. All that's necessary is that you converted property that was another person's. It wasn't necessary that you personally took it from the other person. Under the modified categorical approach, we can't violate a defendant's Sixth Amendment right to have evidence proven beyond a reasonable doubt. Just because extraneous facts are contained in some documents, it could be judicially noticeable for what was necessary for the conviction. I think I understand the argument you're making, and we resolved it in an en banc case in your position, which was mine, lost. I disagree. I disagree. And I certainly would say that this is before the Supreme Court right now in the DeKalb case. And Justice Scalia had colorful language, of course, in discussing this. And he said, I don't care what the defendant admitted, and I don't care what the jury found. If it wasn't necessary for the crime, it's not part of the modified categorical approach. Can I just go back to the premise for one second? I thought I knew where everybody was coming from, but this dialogue has caught me uncertain about it. Do you agree that we have the ability to evaluate this under a modified categorical approach, assuming that we refer only to the proper material? So we're putting aside what we can refer to. But we have the ability to evaluate it under a modified categorical. The second question is what can we look at? You can only look at what facts are necessary to flesh out the elements of the offense. Please, I'm not asking yet what we can look at. I'm just simply saying that as a review court, we can give a modified categorical approach evaluation. Then my second question will be what can we look at. But would you answer the first one? Well, technically, I don't think that this statute is overbroad. And so I guess the struggle is, is that again, Montes Doco said, you never really don't look at modified categorical. But in this case, it's never necessary to prove any abuse to the child. So you're saying, you're not saying we don't have the ability to do it. You just simply say that in this case, it wouldn't be appropriate. It wouldn't be appropriate. It's never necessary as the... It wouldn't be appropriate because... It's never necessary for this crime to prove any harm to the child. The focus is on the defendant's intent, sexual intent. As the Baza-Martinez case said, if the focus of the statute is on the defendant's intent to harm the child, there's nothing in the statute that requires a child to even be aware. And there's more egregious cases that this court has found categorically aren't crimes of violence. Here, such as intercourse. This case, overclothing intent by the defendant. But let me redo then the charge because if we can go to modified categorical and leaving to one side what may or may not be in the police report, I'm just looking at the charge and I'm on ER 10. The elements of the crime are... Are you with me on ER 10? I'll wait for you to catch up. Yes, I have that. That's one of the problems. iPads are a lot slower than paper. Judge Rawlings and I will disagree on that. Okay, here I am at the bottom of ER 10. The elements of the crime are that on or about August 14, 2000, the defendant had sexual contact with a minor date of birth and the actual date of birth is limited except for the year 1985. And as I look at that, that tells us that the child is at least how old? At least 14 or 15. The statute requires 14 or 15. So you can't have under 14 here in this statute. And the charge did not involve someone under 14. So if she was born on the first day, on January 1, 1985, that makes her how old? Element 2, the minor child was at least 14 but less than 16. I understand, but we're specifying the date of birth so that we know that she was born no earlier than January 1, 1985. So if she's born January 1, 1985, how old is she on August 14, 2000? Well, there's a possibly 15-year difference there. Am I doing my math wrong? I'm trying to figure out whether she's 14 1⁄2 or 15 1⁄2. And then we know in the second one, at the time of sexual contact. So we know at least she is no older than, by doing that math, and we know that there was sexual contact. Sure. So that's before we get to the police report. Right. Can we presume harm from that? No. The court's case law is very clear that it needs to be under 14 for age alone to be enough. And there's several cases that say that. The Farmer case says it very clearly. That says that in this context, per se, abuse is a child under 14. The government agrees with that in their brief, that you need under 14 for the age alone to be enough. And so given that we're dealing with a 14- or 15-year-old, there needs to be some sort of abuse to the child, other than the age of the child. And the case Baza-Martinez says that harm to the child, when it's not just based on the age, can't be just the defendant's intent. And sexual contact in Washington, which is also defined in the brief, is defined according to the defendant's intent. And just exactly like the case of Baza-Martinez, the offense can take place without even the victim being aware. And like I said, there are cases in this court where with 14- or 15-year-olds, there was sexual intercourse required by statute. So I would assume that the victim was aware. But in this type of overclothing, touching, involving pushing someone on a swing, it is entirely possible that the child is not aware. Now, if we look at the police report, the child was evidently aware. I mean, we get some pretty bad conduct. There were some more serious allegations, but those would be more serious crimes, just as if a charging document were true. But the police report, which he says you can look at, so I'm here on ER 16. Instead of making a statement, I agree the court may review the police reports and or a statement of probable cause by the prosecution to establish a factual basis for the plea. A factual basis for this plea, not a factual basis for a more serious conviction. My plea is only to these elements. Yes, I understand. But I think the argument you're now making is the argument that we went through in the en banc case. Judge Kaczynski wrote a dissent saying you can't do more than that for what is actually charged for purposes of modified categorical, and he lost. No, Your Honor. This is very different. This is not an overbroad sort of element or the ax versus the assault and maybe it could have an ax or maybe it could never have an ax. All that ever needs to be proven here is the intent of the defendant. No harm is ever necessary. There is no motivation. In the guillamontes to Oka and the subsequent case of Young versus Holder, both say that extraneous facts that are not necessary to the conviction for which the defendant has no motive to object. And I can tell you on a daily basis when my client gets a good plea offer and they nevertheless are contesting some other extraneous facts out there, if they're not necessary for the plea, I'm telling my client don't take on a battle you don't need to be taking on. That's not necessary for a plea. Those allegations would be indecent liberties. That would be a serious assault. You're getting a good deal here. All that's necessary is that your motivation at the very least when you touched her on the swing, yes, the judge can look at that police report to flesh out the facts that she was this age, he was that age, and he touched her, but you can't look at that police report to deprive him of his Sixth Amendment right to prove beyond a reasonable doubt of the crime charged. If this court is to say we can look at those police reports and assume that he really hurt this child, then under the modified categorical approach we're doing away with the jury trial right and through this guise of a modified categorical approach, finding someone guilty of a more serious crime and depriving them the benefit of that guilty plea, which is something that the majority opinion said in the guillemot de estoca and then later on in Young v. Holder said that we cannot do. While they said that we can do a lot of things, they said we can't do that. If, counsel, if we disagree with your argument that we cannot consider the extraneous parts of the police report, do you lose on the modified categorical analysis? Well, again, I don't think we lose on the modified categorical because those simply aren't part of the elements of the offense, and the guillemot de estoca says we look at the elements and solely how to flesh them out, and those are just not part of the elements. I would say, though, if the court has any doubts, the discamp case will be out in the next few months. The way I count the votes in the decamp cases, I think there's going to be a change in this circuit's approach to the modified categorical. You're better at counting the votes than we are. I'm horrible at counting the votes, Nathan. Give me the name and citation of that case that you hope is going to save you. There's not a citation yet. It was an unpublished case from this circuit, United States v. Decamp, D-E-S-C-H-A-M-P-S. It actually came out of the Eastern District of Washington and was argued on, I believe, January 3rd. Right, and that raises this question. That raises the issue of a guillamante de OCA and whether or not this court's approach to the modified categorical is correct. And the argument has taken place in that case already? It has already taken place. It's been briefed and was argued on January 3rd, right after the new year. So we may want to wait on that one. Okay. Thank you. Why don't we hear from the other side? May it please the Court. My name is Allison Gregwire, and I represent the United States in this matter. Before I begin, I do want to commence by saying that this court can look to the modified categorical approach in this case, and specifically that this court, as was noted in the government's brief, can look to the police reports in this case because defendant so indicated in his plea of guilty when he ticked the box that said that the court ought to rely on the police reports to form the factual basis for his plea. Didn't say ought to rely, may rely. May rely on. Does it make a difference that this is an Alfred plea? No. Because? Because an Alfred plea would be treated as a guilty plea, and defendant still needs a factual basis for his plea. And in this case, I think the police reports flesh that out. I would also note that the modified categorical approach has been used previously specific in this context to the element of abuse in this context, and that was in Pilares, Galan, Lopez, Lise, and Baza Martinez. In each of those cases, the court didn't get very far in the modified categorical approach because they noted either the documents hadn't been entered in the court below or the documents just restated the statute. But in all those cases, they talked about referring to the modified categorical approach. But counsel, opposing counsel's argument is that even if we proceed to the modified categorical approach, there are extraneous facts in the police report that should not be considered in conducting that analysis. What's your response to that? Your Honor, I would note that for that, for that proposition in her briefing, defense counsel relies on Young v. Holder. And this is not a Young v. Holder case. Young v. Holder, of course, was charging in the conjunctive, and whether or not a charge in the conjunctive can be said to uphold the plea on every basis stated therein. And Young v. Holder said no, but it did not get to a case such as this where defendant is proactively saying these are the facts that support my plea. And nothing in Young v. Holder suggests that this Court is required now to parse through those facts and highlight only those which are essential and consider those. These are facts that defendant put at issue through his plea of guilty. May I just get a clarification on your position? If the defendant had not said you can rely on the police report, and I am basically affirming the police report, do you think under a modified approach we could consult the police report? No, Your Honor. So the critical thing was that he kind of incorporated that as part of his plea. Yes, Your Honor. Thank you. Now, let me ask you this. Assuming that the Judge Kaczynski position in Aguila Montes de Oca prevails in the United States Supreme Court, is that too much talking in code? I understand. You're with me? Okay. What happens? Can we look at the, quote, extraneous facts in the police report? Or are we confined to the charged behavior? Maybe I'm not familiar enough with Judge Kaczynski's. I'm familiar with the Aguila Montes de Oca. Okay, well, here's the basic problem. There's charged behavior to which I plead guilty. Right. Now, I might have done some really bad things that weren't charged, or I might have done some things that are really bad that are consistent with the charge, but that are not specified in the charge. But if you look at the documents of conviction and what I pled to, I pled to sexual contact with a girl aged 15 1⁄2 or perhaps younger, but 15 1⁄2 is as old as she possibly could have been. I did not plead guilty to anything other than that. Now, the police report contains a lot of other information that's really damning. But Judge Kaczynski said in dissent, and, in fact, I signed on to that dissent, saying if you're looking at modified categorical approach, don't look to what also might have been said in the police report. Look only to the charge to which he pled guilty because he has no great incentive to challenge what's in the police report when he's only pleading guilty to sexual contact from 15 1⁄2 years old, which means, I think, that if the Supreme Court in the case that's now up, which is addressing precisely this point, if the Supreme Court agrees with Judge Kaczynski's dissent in Dohca, you're stuck with the only facts you get to look at are the date of birth, which is sometime within the year specified, 1985, and the date of the offense, and the fact that there was sexual contact. Right, Your Honor. And sexual contact goes a bit further, though, because sexual contact is defined under Washington law as contact of specific areas of sexual areas. Excuse me. Let me just read it. Because sexual contact is defined as any touching of the sexual or other intimate parts of a person done for the purpose of satisfying sexual desires of the person. Of the person touching. Or another party. Right, but it's sufficient to satisfy the statute, satisfy sexual desire of the person touching. That's correct, Your Honor. And that's why I think that you get beyond dates in this case. In your view, you also get to the nature of the sexual contact. That's correct, Your Honor. Under that definition. That's correct, Your Honor. So I think if you're parsing through the police reports with a highlighter, trying to come up with exactly what defendant would have had to have included to have a sufficient factual basis for this plea, you are still going to get to abuse in this case. Why? Because you're going to have to go through the areas the defendant touched. Then you're going to have to go over defendant's age. Then you're going to have to go over the victim's age. Then you're going to have to go over that he touched these areas, these intimate or sexual areas in order to gratify his lust or sexual desires. You see, not necessarily. I've got to go back and look at the definition, but I assume breast is part of the definition in terms of touching. Yes, Your Honor. And through the clothing satisfies. Yes, Your Honor. So all you need to look at the police report to establish in order to satisfy the charge is that for his own gratification, he touched her breast through her clothing possibly with consent because lack of consent is not part of the charge. Lack of consent is not part of the charge. You can look at the police report and find all kinds of really horrible stuff. If I'm looking at what he actually did and if that's what was charged, clearly to me this is sexual child abuse, but analytically I'm not sure I'm allowed to get there. I believe, Your Honor, you are, because what you're describing is a step further. That's saying all you can look to is the elements. That would leave no space. There would be no space left for the modified categorical approach. The modified categorical approach is to throw the actual facts on those elements. Well, no, there's room left for the modified categorical approach in the sense that you look at the behavior that is actually charged in the indictment and to which he pled guilty, because the indictment will very often charge behavior that is much more serious than the outer boundary of what's criminalized under the statute. Right. But, of course, the documents that the court can consider goes beyond the indictment pursuant to a modified categorical approach. So, again, I believe the modified categorical approach would allow this court to say which facts satisfy those elements and not ask that these elements be taken completely naked, deprived of any actual facts that occurred in this case. And my view of the case is if our en banc decision in Aguila Montes de Oca stands, you win. But if the Supreme Court reverses, I might have to think about it depending on what they say. Counsel, is consent part of the analysis in this case? No, Your Honor. Would it be a difference? He said in his plea you can look at the police report, correct? Yes, Your Honor. Okay. And we're trying to parse what parts you can look at and what parts you can't look at. What if instead of just saying you can look at the police report, what if the court said, well, tell me about the incident? And he said, I'll tell you about it, and then he just proceeds to read in his words in the record everything in the police report, everything. And he says, Your Honor, that's what happened. Now would there be any fight about whether we could, under a modified approach, consider all of the material in the police report as an explanation of the entire event? No, Your Honor. So this case is turning on the nuance of whether he read into the record everything in the police report or whether he simply said you can look at the police report? Is that then what this case turns on? I don't think it turns on any of that, Your Honor. Is that what's being argued by the other side? Well, I think possibly. I won't speak for the defense. I don't know if they would argue that even if he uttered all those words, that you could only take those pieces. Do you think that there's any law that would prohibit you from considering any of those other pieces if he physically read all of that police report into the record and said this is what I did? No. I don't think there's anything that would prohibit consideration. And, in fact, I don't think that there's anything that prohibits consideration of the entire police report. Well, there may or may not be. I'm just trying to see if this whole case turns on whether I say you can look at the police report, it tells you, or whether I read it verbatim. And if so, that seems like kind of an odd criteria to decide a man's liberty or not. Right. And I don't think that it makes a difference, Your Honor. Again, the only case that defense cites in saying that you have to parse through this police report would be Young v. Holder. And in Young v. Holder, he was charged with that California statute that alleges any manner of drug trafficking to include solicitation. Let me ask you this. Assume, and I understand this is not where you want to be, and I'm not asking that you necessarily are, but just assume, assume that the only thing that we know about his conviction is that there was a consented touching through clothing of a sexual part, including within the definition of sexual part, buttocks or breast, of a girl who's 15 years old, 15 1⁄2 years old. Is that a crime of sexual abuse of a child? Yes, Your Honor. And how is that so, given our decision in the Palaio Garcia case? Well, in that case, Your Honor, in Palaio Garcia, they didn't have a case that had already held that the statute in question is categorically a crime of abuse, which this Court does have in this case, because in Jiménez-Fuentes... Jiménez-Juarez only talks about abuse rather than sexual abuse. I frankly find those two cases almost impossible to reconcile. Your Honor, I guess Medina-Villa talks about three pieces required for child sexual abuse, that the conduct is prescribed as sexual, which there really is no debate about in this case, that it protects minors, this pertains to 14 and 15-year-olds, and that it requires abuse. So you're saying that Jiménez necessarily overrules Palaio? I don't think it needs to be read as overruling, Your Honor. Well, it has to be, because Palaio talks about sexual abuse, Jiménez talks about abuse, and if Palaio's on the books and is still a good case, I think you're in trouble. I regard Jiménez as inconsistent with Palaio. I don't know that the two cases can stand together, but they're both on the books, and one of them involves sexual abuse, and one of them involves abuse. Palaio's involves sexual abuse, and if that case is right, you lose, if the only thing we get to look at is age 15-and-a-half and a consensual touching through clothing. Your Honor, I would just note that the Palaio case speaks to unlawful sex with a person under the age of 18. So it's not the same factually, and that does make a difference, because in Jiménez-Juarez, the court is looking to whether or not this constitutes maltreatment, whether or not it causes psychological harm to a child. So it does make a difference that this case only involves, expressly involves, 14-and-15-year-olds. And, in fact, this course... No, let me read you from Palaio. Under 16 years old. I apologize if I got that wrong, Your Honor. Yeah, you did. I would also note that Palaio seems to rely heavily on the missing element analysis and says that it must expressly prohibit abuse. And then it cites to Medina-Villa for that proposition, when Medina-Villa doesn't actually contain anything about expressly. And I will also note that this case predates the overruling of Navarro-Lopez. So I would say that, insofar as Palaio turns on whether or not there was an express element of abuse, that's no longer good law in this circuit. Okay. Other than that, is there anything uncertain? Well, if you can clear it all up in a minute, you're welcome to do so. Before you start, could you answer Judge Ebel's question about whether or not you would have a different point of view if the defendant had actually read into the record and incorporated specifically and verbally everything in the police report. Would your view be different? My view would be different, but I'll tell you Justice Scalia would say it matters not. But what do you say? It's always hard counterfactually. You know, I think it's difficult, but I do think that just because you've admitted to doing something doesn't mean that you are pleading guilty to that more serious crime. Those are two very different things. And I was part of the Hernandez-Hernandez case, which was the first case in this circuit, split decision on using police reports in this type of case. But Hernandez-Hernandez was very different in that there was the word stipulated. Can we use the police reports in this case? And the defendant's counsel said stipulated. Here, there's no stipulated to the police reports. But if you can lose. But if he actually voiced the evidence that was in the police report, if he said I did this, I did that, I did this, then how can you say it's not stipulated? It's even better than stipulated. But because even under a guillemotes de oca, and the majority opinion says, and I'm going to disagree with Judge Fletch, I think Judge Fletch is a little too pessimistic about the majority opinion. Even under a guillemotes de oca, the issue is what you were convicted of, not what you committed. And so let's look at the elements of the offense. What were you convicted of? By relying on, quoting from a guillemotes de oca, not Young v. Holder, by relying exclusively on the crime of conviction, we avoid situations where the government arguably could prove that the defendant actually committed a greater crime, one that would satisfy the generic crime, but would deprive the defendant of the benefit of his conviction. You shifted your argument because before you said that there was no incentive to challenge the facts that were in the police report. Now you're saying you're making a different argument. So if the defendant actually and specifically stated on the record that he committed these acts, then your incentive argument goes away. That incentive argument would be different, and that's certainly just not what happened here. Here there was no incentive, but I still think there would be an argument. It's a different argument. You're right, Judge Rawlinson, the incentive argument would go away. Why someone would get on the record and make statements against penal interest that they committed a greater crime than what they've gotten their plea offer for, I don't know. But very specifically here, with respect to the change of plea document, it doesn't say you can review the police reports, Your Honor, to see whatever crime occurred. You can review the police reports to determine whether there was probable cause for this crime, this crime with these elements, not some greater crime, which Washington State very clearly has. And he very clearly said in his plea statement, I am pleading guilty to take a benefit of this plea offer. So he very clearly was not admitting to all those facts. That was very specific then. Yes, yes. And so given that, I think there's very little you can look at. And I would ask that the Court take out its highlighter and look at the government's brief. The government's position all along has been there's only limited facts that were proven in this case. On page 15, when they say what facts were established that satisfy the abuse prong in this case, they said the defendant was found to have touched the 14-year-old victim's breast and vaginal area for the purpose of gratifying his sexual desires. That's all, not pushing her to a ground, not tackling her. They never said those things were proven. That's what they said is proven by this plea. I think the Court can limit this case to those facts being proven under whatever modified approach, and it's not good enough. Why, under your theory, do we even get to vaginal area? That is to say it's sufficient to be breast. Vaginal is not, right, sufficient to even be breast. And he didn't admit to which one it was. Although, quite frankly, the Pelayo-Garcia case was intercourse, so there was vaginal touching there, and it still wasn't good enough given the age of the victim. I don't think that the vaginal changes the analysis. Thank you. Now you guys get to go home, and we've got to figure this out. Okay, thank both sides for your helpful arguments. I feel like we just had a sip drinking a sip of water out of a fire hydrant. I think so, yes. United States v. Salgado, Martinez is now submitted for decision. Thank you for your arguments.
judges: Ebel, Fletcher, Rawlinson